IN RE: TROYLOND MALON WISE            CASE NO:    25-51132
        DEBTOR                             CHAPTER 13

**************************************************************************

## DEBTOR'S SUPPLEMENTAL RESPONSE AND MEMORANDUM IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY [ECF NO. 24]

NOW INTO COURT, through undersigned counsel, comes Debtor, Troyland Malon Wise ("Debtor"), who respectfully files this Supplemental Response and Memorandum in Opposition to the Motion for Relief from Automatic Stay [ECF No. 24] (the "Motion") filed by Planet Home Lending, LLC, as servicer for Palm Avenue Hialeah Trust, a Delaware Statutory Trust, for and on behalf and solely with respect to Palm Avenue Hialeah Trust, Series 2014-1 ("Movant"). In support hereof, Debtor states as follows:

### I. PROCEDURAL BACKGROUND

1. On December 9, 2025, Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.

2. On January 6, 2026, Movant filed the instant Motion for Relief from Automatic Stay [ECF No. 24] (the "Motion"), seeking to lift the automatic stay to foreclose on property located at 500 Terrell Court, New Iberia, Louisiana 70563 (the "Property").

3. The Motion was supported by an Affidavit of Account [ECF No. 24-2] executed by Sharon Sargent, who claims to be Portfolio Manager of Planet Home Lending, LLC.

4. Movant attached a "Limited Power of Attorney" as Exhibit C to the Affidavit of Account [ECF No. 24-2, Pages 1-5] (the "POA").

5. Movant also attached various loan documents and purported assignments as exhibits to the Motion [ECF Nos. 24-3, 24-4].

6. Although the Court granted a provisional order on the Motion based on Debtor's prior filing history, Debtor files this Supplemental Response to raise threshold jurisdictional and substantive defects that preclude relief regardless of the Debtor's bankruptcy history.

1

## II. ARGUMENT

### A. Movant Lacks Authority to Initiate This Litigation

The Limited Power of Attorney attached as Exhibit C to the Affidavit of Account explicitly limits Movant's authority to act on behalf of the Owner, Palm Avenue Hialeah Trust. Section titled "Litigation" on Page 4 of the POA states:

*"Nothing contained herein shall ... be construed to grant the Servicer the power to initiate or defend any suit, litigation or proceeding in the name of Owner, except as specifically provided for herein or in the Agreement."*

(Emphasis added).

Filing a motion for relief from the automatic stay in bankruptcy court constitutes "litigation" or a "proceeding" in the name of the Owner. Under the plain language of the POA, Movant is prohibited from taking such action unless "specifically provided for" in the POA itself or in the Subservicing Agreement dated June 10, 2021.

Movant failed to attach the Subservicing Agreement to the Motion. Without the Subservicing Agreement, Movant cannot meet its burden to prove that an exception to the litigation prohibition exists. Accordingly, the Court must presume the general rule applies—Movant lacks authority to bring this Motion.

Under Louisiana law, authority to act for another must be "express and special." *Gaillardanne v. Locascio*, 166 So. 505 (La. App. 1936). General grants of authority, or authority that must be inferred from missing documents, are insufficient. Because Movant has not produced the Subservicing Agreement, there is no evidence before the Court that Movant possesses the "express and special" authority required to initiate this proceeding.

Because Movant lacks authority to act on behalf of the real party in interest, the Motion should be denied. *See In re Buttermilk Towne, LLC*, 2010 WL 5018553 (Bankr. D.S.C. Dec. 3, 2010) (movant must prove its authority to act on behalf of the real party in interest).

### B. Sharon Sargent Lacks Authority to Execute the Affidavit

The POA grants authority to Planet Home Lending, LLC "by and through any officer appointed by the Board of Directors of the General Partner of Servicer." [POA, Page 1]. The Affidavit identifies Sharon Sargent as "Portfolio Manager." [Affidavit, ¶ 1].

Movant has presented no evidence that Sharon Sargent is an "officer" as defined by the POA, nor has Movant presented any corporate resolution or other document showing that Ms. Sargent was appointed by the Board of Directors of the General Partner of Planet Home Lending, LLC. Without such evidence, the Affidavit is substantively defective and cannot support the Motion.

### C. The Mortgage Has Prescribed and Is No Longer Enforceable

2

Under Louisiana Civil Code Article 3357, the effect of recordation of a mortgage ceases **ten years** from the date of the instrument unless reinscribed before the prescriptive period runs. *See also* La. R.S. 9:5774 (governing reinscription of mortgages).

The original mortgage was recorded on **December 6, 2010** in Mortgage Book 1411, Page 228, Entry No. 2010-00013223, records of Iberia Parish, Louisiana. [Motion, Page 28; Exhibit Loan Documents, Page 28]. The ten-year prescriptive period therefore expired on **December 6, 2020**.

Movant has failed to produce any valid, recorded reinscription of the mortgage executed before December 6, 2020. The document titled "Reinscription.pdf" [ECF No. 24-3, Page 35] is an attempt at reinscription.

Even if Movant were to produce a recorded document purporting to reinscribe the mortgage, such document would be a legal nullity because:

- Only the mortgagor (Debtor) or someone with his "express and special" authority may reinscribe a mortgage. *Gaillardanne v. Locascio*, 166 So. 505 (La. App. 1936).

- The pre-printed clause in the original mortgage purporting to appoint the lender as attorney-in-fact to reinscribe does not constitute "express and special" authority under *Gaillardanne*. It is a general, boilerplate provision insufficient to interrupt prescription.

- The Limited Power of Attorney attached to the Motion gives Movant authority to act for the Owner (the Trust), **not** for the Debtor. It provides no authority whatsoever to act on behalf of the mortgagor.

Because the mortgage was not validly reinscribed before December 6, 2020, it prescribed on that date and is now extinguished. *Azby Fund v. Wadsworth Estates*, No. 22-30092 (5th Cir. Dec. 12, 2022) (affirming that failure to timely reinscribe a mortgage under Louisiana law results in the creditor losing its secured status).

A mortgage that has prescribed no longer secures the debt. The Movant therefore holds only an unsecured claim and lacks standing to seek relief from the automatic stay with respect to secured property. *See* 11 U.S.C. § 362(d) (relief from stay requires showing of valid secured claim).

### D. The Chain of Title Contains Fatal Gaps

Even if the mortgage had not prescribed (which it has), Movant cannot establish a complete, unbroken chain of title from the original lender to the current purported holder. Specifically:

- There is no power of attorney or other authorizing document granting Select Portfolio Servicing, Inc. authority to act as attorney-in-fact for Springleaf Financial Services of Louisiana, Inc. in connection with the June 16, 2015 assignment;

- There is no power of attorney or other authorizing document granting Pretium Mortgage Credit Partners I Loan Acquisition, LP authority to act as attorney-in-fact for DLJ Mortgage Capital, Inc. in connection with the October 19, 2019 assignment.

3

Without these missing documents, the chain of title is broken, and Movant cannot establish that it (or its principal) is the current holder of the Note and Mortgage with standing to enforce same.

**E. The Motion Should Be Denied Regardless of Debtor's Filing History**

While Debtor acknowledges his prior bankruptcy filings, the defects identified herein are jurisdictional and substantive. Lack of standing, lack of authority to litigate, and prescription of the underlying security interest are not curable by reference to the Debtor's conduct. A movant that lacks standing cannot obtain relief from stay, regardless of how many petitions the debtor has filed. *In re Lee,* 467 B.R. 906 (B.A.P. 6th Cir. 2012)

**III. CONCLUSION AND REQUEST FOR HEARING**

For the foregoing reasons, Debtor respectfully requests that the Court:

1. Deny the Motion for Relief from Automatic Stay [ECF No. 24];

2. In the alternative, schedule this matter for an **evidentiary hearing** at which Movant shall be required to prove:

   a. Its authority to initiate this litigation on behalf of the Owner;

   b. That Sharon Sargent is an "officer" duly appointed by the Board of Directors of the General Partner of Planet Home Lending, LLC;

   c. That the mortgage was validly reinscribed before December 6, 2020, by the Debtor or someone with the Debtor's "express and special" authority; and

   d. A complete, unbroken chain of title from the original lender to the current purported holder.

3. Award such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED:

*/s/ Kathleen M. Wilson* _____
KATHLEEN M. WILSON
Attorney for Debtor
1762 Dallas Drive
Baton Rouge, LA 70806
(225) 923-8237

4

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *DEBTOR'S SUPPLEMENTAL RESPONSE AND MEMORANDUM IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY [ECF NO. 24]* has been served via United States Mail, first-class postage prepaid, and/or via electronic means through the Court's CM/ECF system, this 18th day of March, 2026, to the following:

Keith Rodriguez, Chapter 13 Trustee
700 St. John Street, Suite 201
Lafayette, LA 70501

Office of the U.S. Trustee
300 Fannin Street, Suite 3196
Shreveport, LA 71101

Chris Jackson, Esq., Attorney for Creditor
JACKSON AND MCPHERSON, LLC
935 Gravier Street, Suite 1400
New Orleans, LA 70112

/s/ Kathleen M. Wilson
Kathleen M. Wilson

5